## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

AUTOMOTIVE CONSULTING          )
RESOURCES, INC.;  ROBBY HEFNER;     )
                                )
       Plaintiffs,          )
                                )     Case No. 17-CV-225-JED-FHM
v.                              )
                                )
INTERSTATE NATIONAL DEALER       )
SERVICES, INC.,                 )
                                )
       Defendant.          )

## OPINION AND ORDER

I.      **Background**

The plaintiffs, Automotive Consulting Resources, Inc. (ACR), and its principal, Robby

Hefner, initiated this action in Rogers County, Oklahoma District Court on April 25, 2016.  (Doc.

2-1).  The plaintiffs allege that, under a 2005 Agreement, ACR was an independent agent for the

defendant, Interstate National Dealer Services, Inc. (Interstate).   On April 22, 2016, Interstate

notified the plaintiffs that Interstate considered them in violation of the Agreement's non-compete

terms, and Interstate terminated the Agreement.   Plaintiffs brought suit in state court, asserting

three claims.  In Count I, the plaintiffs seek a declaratory judgment determining the parties' rights

and obligations under the Agreement, including plaintiffs' rights to compete against Interstate and

their alleged "continued right to compensation for business procured by Plaintiffs on behalf of

Interstate." (Doc. 2-1 at 4).  In Count II, plaintiffs allege that Interstate breached the Agreement,

and in Count III, plaintiffs assert a claim for quantum meruit based on their allegation that

Interstate improperly retained the benefits of accrued compensation and commissions acquired

from the plaintiffs' work.  In Counts II and III, the plaintiffs asserted that damages were "less than

$75,000," such that the case was not initially removable upon the plaintiffs' pleading.

In the course of the litigation in state court, Interstate served the plaintiffs with requests for admissions regarding the amount of damages sought by plaintiffs:

> REQUEST FOR ADMISSION NO. 1: Admit that Plaintiffs' total damages, exclusive of interest and costs, exceed $75,000.

> REQUEST FOR ADMISSION NO. 2: Admit that Plaintiffs' total damages, exclusive of interest and costs, do not exceed $75,000.

(Doc. 2-18 at 1-2). On April 17, 2017, the plaintiffs responded to each of those requests by stating that they "are unable to respond" and arguing that the information to calculate damages is solely in the possession of Interstate. (*See id.*).

Given plaintiffs' refusal or inability to confirm that they are seeking less than $75,000 in damages, and based upon Interstate's own analysis of the amount in controversy, Interstate then filed a notice of removal in this Court on April 25, 2017, which was the one year anniversary of the commencement of this action in state court. In the notice of removal, Interstate asserted that the Court has subject matter jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332. Interstate asserted that the plaintiffs are Oklahoma citizens, while Interstate is a Delaware corporation with its principal place of business in Georgia. Diversity of citizenship is undisputed.

Plaintiffs seek remand based on two arguments. (*See* Doc. 16). First, plaintiffs contend that Interstate's removal was not timely. Second, plaintiffs assert that Interstate's notice of removal did not sufficiently set forth "all facts" that establish the requisite amount in controversy. The Court held a hearing on the plaintiffs' motion on June 28, 2018. At the hearing, the Court asked whether plaintiffs seek damages in excess, or not in excess, of the jurisdictional amount in controversy, and the plaintiffs' counsel asserted that they are unable to answer that question.[1]

---

[1]    Interstate has represented that, if plaintiffs would stipulate they are not seeking damages in excess of $75,000, Interstate would agree to a remand to state court. (*See* Doc. 22 at 13).

## II.    Discussion

### A.    Timeliness of Removal

Plaintiffs allege that Interstate's removal was untimely under 28 U.S.C. § 1446(c)(1), which provides that "a case may not be removed [on the basis of diversity jurisdiction] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  The plaintiffs argue that, even though the notice of removal was filed in this Court within one year of the commencement of the action, the removal was not timely because a copy of the Notice was not filed in state court until the next day, so that the removal was rendered untimely under 28 U.S.C. § 1446(d).

The plaintiffs have confounded timeliness with the date on which the removal is effected and the state court is thus deprived of jurisdiction.  The plaintiffs' construction of § 1446(d) is inconsistent with the express filing deadlines set forth throughout the rest of § 1446.  The requirements for timely filing of a notice of removal are found in subsections (a), (b), and (c), not in subsection (d).  Subsection 1446(a) describes what is generally required to remove a case, by reference to the filing of the notice of removal *in federal court*:

> A defendant or defendants desiring to remove any civil action from a State court *shall file in the district court of the United States for the district and division within which such action is pending a notice of removal* signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a) (emphasis added).  Subsection (a)'s requirements for removing a case (filing a notice of removal with a short and plain statement of grounds for removal) are consistent with the manner in which a civil action is commenced under Rules 3 and 8 of the Federal Rules of Civil Procedure (filing a Complaint with a short and plain statement of claims).

Section 1446(b) sets forth the "Requirements; generally" for timely filing a notice of removal. As applicable here, § 1446(b) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*, § 1446(b)(3). That provision plainly imposes a specific deadline within which "a notice of removal may be filed" in federal court. *See id.* Subsection (c) provides that "[a] case may not be removed under subsection (b)(3) on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.*, § 1446(c)(1). That one year deadline for removing the case specifically references subsection (b)(3), which unambiguously refers to the time for *filing the notice of removal in federal court.*[2]

In contrast to the foregoing provisions, the part of the statute cited by the plaintiffs does not impose any specific deadline for filing the notice of removal. Section 1446(d) provides:

> **(d) Notice to adverse parties and State court**. Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d). That part of the statute requires that the removing defendant "promptly" provide notice to the state court and the plaintiffs by filing a *copy* of the notice of removal. *See id.* On its face, subsection (d) does not establish any timeline for the filing of the *notice of removal* itself. Rather, it provides that a defendant's filing of a *copy* of the notice of removal in the state

---

[2]    Similarly, § 1446(c)(3)(B) refers to the one year deadline in relation to the filing of the "notice of removal" in federal court, not to the filing of a *copy* of the notice of removal in state court.

court "shall effect the removal" such that "the State court shall proceed no further unless and until the case is remanded." *See id.* By filing a copy of the notice of removal in state court within one day of the filing of its notice of removal in this Court, Interstate timely complied with subsection (d)'s requirement to file a copy of the notice "promptly" after the notice was filed in this Court.

The Court concludes that § 1446(d)'s "effect the removal" language does not alter the clear time requirements found in § 1446(b) and (c) for filing the notice of removal in federal court. Timeliness and effectiveness are distinct concepts under the statute. Section 1446(d)'s reference to "effect the removal" refers to the date on which the state court is deprived of jurisdiction and proceedings there end; it does not refer to the date on which the defendant must have filed the notice of removal in federal court. To conclude otherwise would require that the Court disregard the plain, unambiguous language of § 1446(a), (b), and (c) regarding the requirements and deadlines for filing a notice of removal in federal court. Thus, the Court concludes that a notice of removal is timely filed if it complies with the deadlines set forth in § 1446(b) and (c), even though the removal is not effected and the state court is not deprived of jurisdiction until a copy of the notice is filed in state court pursuant to § 1446(d). This construction is consistent with a reading of the whole of § 1446.

Moreover, the cases cited by the plaintiffs regarding subsection (d) are consistent with the Court's construction of the statute. In the cases cited by plaintiffs, the timeliness of the filing of the notice of removal was not at issue. Instead, those cases involved determination of the effect of actions taken in the state court after the notice of removal was filed in federal court, but before the state court received notice of the filing of removal in federal court. For example, in most of the cases cited by plaintiffs, the courts considered the effect of pleading amendments made in the state court after the notice of removal was filed in federal court but before the state court was

notified of the removal and was thus deprived of its jurisdiction. *See, e.g., Johnson v. Citibank, N.A.*, 63 F. Supp. 3d 545, 555-56 (D. Md. 2014) (amended complaints eliminating federal claims were filed in state court before the state court was notified of a notice of removal; thus the amended complaints were effective); *Jones v. Cargill Nutrena Feed Div.*, 665 F. Supp. 907 (S.D. Ala. 1987) (amended complaint adding a non-diverse defendant was filed in state court before it received notice of removal, such that the amended complaint was effective and did not provide a basis for diversity jurisdiction); *Anthony v. Runyon*, 76 F.3d 210 (8th Cir. 1996) (amended complaint was filed in state court after defendants' filing of notice of removal in federal court and before notice was filed in state court and therefore, the district court was to consider the amended complaint); *see also Stephens v. Portal Boat Co.*, 781 F.2d 481, 482, n.1 (5th Cir. 1986) (describing removal's effectiveness in terms of when the state court "lost jurisdiction").

Other cases cited by the plaintiffs are likewise inapposite. *See, e.g., Usatorres v. Marina Mercante Nicaraguenses*, 768 F.2d 1285, 1286-87 (11th Cir. 1985) (timeliness of filing of removal notice was not at issue); *Traynor v. O'Neil*, 94 F. Supp. 2d 1016, 1022-23 (W.D. Wisc. 2000) (failure to file copy of the notice of removal in state court for 58 days did not comply with § 1446(d)'s promptness requirement); *Zeglis v. Sutton*, 980 F. Supp. 958 (N.D. Ill. 1997) (considering whether state court had jurisdiction to enter default judgment before it received notice of the removal); *Flying Cross Check, LLC v. Central Hockey League, Inc.*, 153 F. Supp. 2d 1253 (D. Kan. 2001) (determining date under the Federal Rules of Civil Procedure for the expiration of a temporary restraining order entered in state court before removal).

This case presents no issue similar to those involved in the foregoing cases. Here, there was no intervening filing or action in the state court in the one day between Interstate's filing of its notice of removal in this Court and its filing of a copy of the Notice in the state court. The

plaintiffs have not pointed to any action in the State court that impacted either the timeliness of the filing of the notice of removal or the existence of diversity jurisdiction. It is undisputed in this case that Interstate filed its notice of removal within 30 days of its receipt of the plaintiffs' discovery responses in which plaintiffs first indicated that they may be seeking in excess of $75,000. The filing of the notice of removal complied with the clear time requirements of § 1446(b)(3) and (c)(1).

Alternatively, even were the Court to credit the plaintiffs' argument that Interstate's removal was untimely, Interstate's filing would still be deemed proper under § 1446(c)(3)(B), which provides:

> If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1).

The plaintiffs' initial pleading alleged that the amount of damages was "less than $75,000," so that the action was not removable on the basis of diversity jurisdiction at that time.

The Oklahoma Pleading Code required that, to the extent that the plaintiffs sought damages in an amount less than the amount required for diversity jurisdiction, they must "specify the amount of damages sought to be recovered." *Okla. Stat.* tit. 12, § 2008(A)(2). Given that pleadings under Oklahoma law are governed by *Okla. Stat.* tit. 12, § 2011, the filing of the plaintiffs' Petition was made with a certification that those damages "allegations and other factual contentions therein have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery." *See id.*, § 2011(B)(3). Yet, plaintiffs refused to confirm in discovery either (1) that they were seeking only the amount referenced in their Petition or (2) that they actually seek damages in an amount that satisfies the amount in controversy requirement of 28 U.S.C. § 1332. Even at the time of the hearing, plaintiffs'

counsel declined to take a position with respect to the amount of damages they seek. The Court finds that the plaintiffs have deliberately failed to disclose the actual amount in controversy in an attempt to prevent removal. Accordingly, even if the applicable date for determining timeliness of removal were, as plaintiffs argue, the date on which a copy of the notice of removal was filed in state court, the Court would find that removal was timely and appropriate under § 1446(c)(1) and § 1446(c)(3)(B).

## B. Amount in Controversy

The plaintiffs argue that this case should be remanded to state court because Interstate has "not met their [sic] burden to establish jurisdiction." (Doc. 16 at 20). Citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) and authorities relying upon *Laughlin*, the plaintiffs argue that Interstate's notice of removal is deficient because it does not state "all facts relied upon to support jurisdiction." (Doc. 16 at 20). However, the removal statute was amended years after *Laughlin* was decided, and it now requires only that the notice of removal contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Moreover, *Laughlin* was abrogated by the Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, __ U.S. __, 135 S. Ct. 547 (2014).

The Supreme Court in *Dart Cherokee* discussed the standards applicable under § 1446 to a defendant's notice of removal in the diversity context:

> When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith. Similarly, *when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. . . . If the plaintiff contests the defendant's allegation*, §1446(c)(2)(B) instructs: "[R]emoval . . . is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. This provision, added to § 1446 [in 2011], clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged. In such a case,

both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied. . . .

In sum, as specified in § 1446(a), *a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.*

*Dart Cherokee*, 135 S. Ct. at 553-54 (internal citations omitted) (emphasis added).

In compliance with § 1446(a) and *Dart Cherokee*, Interstate's notice of removal includes a "short and plain statement of the grounds for removal," and it provides a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold," consistent with *Dart Cherokee*. (*See* Doc. 2 at 5-6). Thus, the issue is whether the plaintiffs have contested that allegation, such that proof of the jurisdictional amount in controversy is required. *See Dart Cherokee*, 135 S. Ct. at 553-54. At every point following the filing of their initial petition, the plaintiffs have refused to take a position on whether they seek an amount of damages that exceeds $75,000, exclusive of interest and costs, or whether they seek an amount of damages less than that. Interstate served Requests for Admission requesting that information, and the plaintiffs responded that they are "unable to respond." (Doc. 2-18 at 1-2). Plaintiffs also did not contest the amount in controversy in their remand motion. (*See* Doc. 16). Even after the Court set the motion to remand for hearing, counsel for the plaintiffs represented at the hearing that they "still don't know the amount in controversy in this case," and could not answer the Court's question, "What's the amount in controversy?" Under these facts, the Court finds and concludes that the plaintiffs have *not* contested Interstate's allegation that the amount in controversy exceeds the jurisdictional amount. On that basis alone, the motion to remand should be denied under *Dart Cherokee*.

Even if the plaintiffs had properly contested the amount in controversy, under the § 1446 procedure as described in *Dart Cherokee*, "both sides submit proof and the court decides, by a

preponderance of the evidence, whether the amount in controversy requirement has been satisfied." 135 S. Ct. at 553-54; *see* 28 U.S.C. § 1446(c)(2)(B). Interstate submitted significant evidence upon which this Court finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in § 1332(a) for diversity jurisdiction. Specifically, Interstate presented reports reflecting a total of at least $139,295.00 in commissions that are in issue in relation to the plaintiffs' claims in this case. (*See* Doc. 29-1 at ¶¶ 13-15; Doc. 29-5 (commissions totaling $139,295.00); *see also* Doc. 29-3 at 1 (commissions totaling $1254.00); Doc. 29-4 at 1 (commissions totaling $6255.00). Those commission figures, alone, support a finding by the preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional threshold.

The plaintiffs did not present any evidence regarding the amount in controversy in this case. While they filed a declaration of Mr. Hefner, he did not take a position regarding the total amount in controversy or provide any statement regarding the amount of damages sought. (*See* Doc. 16-3). It is seemingly simple for plaintiffs to state that they seek damages in excess of, or not in excess of, the amount required for diversity jurisdiction, but they have refused to do so, even after they received the commission reports provided by Interstate.

## III. Conclusion

For the foregoing reasons, the plaintiffs' motion to remand (Doc. 16) and motion for attorneys' fees (Doc. 17) are **denied**.

SO ORDERED this 3rd day of July, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE