# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUTOMOTIVE CONSULTING RESOURCES, INC. and ROBBY HEFNER,<br><br>                Plaintiffs,<br><br>vs.<br><br>INTERSTATE NATIONAL DEALER SERVICES, INC., and RPMONE, INC.,<br><br>                Defendants. | Case No. 17-CV-225-JED-FHM |

## OPINION AND ORDER

Defendants' Motion for Protective Order, [Dkt. 66],[1] is before the undersigned United States Magistrate Judge for decision. The matter is fully briefed. [Dkt. 69, 71, 84].

Defendants have noticed the deposition of Suzanne Moon, General Counsel for Plaintiff, Interstate National Dealer Services, Inc. (Interstate). Plaintiffs seek a protective order to prevent the deposition of Ms. Moon.

In her capacity as general counsel, Ms. Moon sent a letter dated March 11, 2015 on behalf of Interstate to Defendant Hefner. The letter: outlined portions of the Agent Agreement which apparently governed the relationship between Plaintiffs and Defendants; identified actions by Defendant Hefner which the letter states constitute a breach of the agreement and violation the terms of a document called "Rules of Engagement" warns of the potential liability of Defendant Hefner, includes a demand that Defendant Hefner cease and desist specified actions, and threatens legal action, including termination of the

---

[1] Docket No. 66 is titled "Notice of Motion for Protective Order." The memorandum in support of the requested protective order was filed separately from the notice, [Dkt. 69], as were the supporting declarations. [Dkt. 67, 68]. The Local Rules of this court do not require the filing of such a notice. It is permissible under the Local Rules, and preferable, that the motion and supporting memorandum be filed as a single document with the supporting documentation appended thereto as exhibits. LCvR 7.2(m).

independent agent agreement. [Dkt. 71, p. 5]. Based on Ms. Moon's apparent role in drafting the aforementioned letter, and the "Rules of Engagement," Plaintiff asserts that Ms. Moon is subject to being deposed as an important player in "the underlying facts." [Dkt. 71, p. 1].

Taking the deposition of an opponent's attorney, either trial counsel or general counsel, often encumbers the case with burdensome collateral issues which unnecessarily increase the cost of litigation and delay the progress of the case. In *Boughton v. Cotter Corp.*, 65 F.3d 823 (10th Cir. 1995), the Court considered whether the trial court abused its discretion by entering a protective order against the deposition of opposing counsel. The trial court found that taking the deposition of opposing counsel affects the quality of representation, adds to the burdensome time and costs of litigation, and results in delays to resolve collateral issues raised by the attorney's testimony. *Id*. at 829. The Tenth Circuit ruled that the trial court did not abuse its discretion in granting a protective order to protect defendants from an unnecessary burden. The Court approved of the criteria set out in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) which held that depositions of opposing counsel should be limited to circumstances where it has been shown that: 1) no other means exist to obtain the information than to depose opposing counsel; 2) the information sought is relevant and nonprivleged; and 3) the information is crucial to the preparation of the case. *Boughton*, 65 F.3d at 829. The Tenth Circuit ruled that a trial court has the discretion to issue a protective order where any one or more of the *Shelton* criteria are not met. *Id*. at 830.

According to Plaintiffs, deposing Ms. Moon is the only way Plaintiffs can determine any possible justification for the withholding of commissions. Plaintiffs assert that Ms. Moon is the only one who can address the topic. As proof of this assertion, Plaintiffs state that they have attempted to depose a corporate representative, but Defendants objected to the topics listed for the corporate representative. Plaintiffs conclude that this demonstrates the need for Ms. Moon's deposition.

The court finds that Plaintiffs have not demonstrated the necessity of Ms. Moon's deposition as none of the *Shelton* criteria have been met. Aside from a deposition excerpt wherein the deponent had no recollection of the content of a meeting he had with Ms. Moon, Plaintiffs have not provided the court with any information about the discovery they have conducted, how the information received has been deficient, or any reason to believe no other actor has the information they seek. The court has not been informed as to who Defendant has identified as fact witnesses and there has been no information provided about their testimony or proposed testimony. Plaintiffs attached a Rule 30(b)(6) deposition notice to their response brief, [Dkt. 71-3], but the mere fact such a notice was issued does not address the *Shelton* criteria. In sum, the court has not been provided sufficient information to determine whether Ms. Moon is a fact witness or that her deposition is necessary.

The bare fact that Ms. Moon drafted and signed a letter in her capacity as general counsel for Defendant, standing alone, is not sufficient reason to permit her deposition. This view is supported by the Court's decision in *EEOC v. Unit Rig Drilling*, 13-CV-147-TCK-PJC, [Dkt. 209, Sept. 2, 2014], 2014 WL 4352070, cited by Plaintiff to justify deposing Ms. Moon. In *Unit Rig*, the Court permitted the deposition of an attorney who authored a

letter (the VanOrman letter) on Unit Rig's behalf. The VanOrman letter contained Unit Rig's response to a charge of gender discrimination. Two Rule 30(b)(6) depositions had been taken in an effort to discover the factual basis for Unit Rig's response. In neither 30(b)(6) deposition was Unit Rig able to explain the factual grounds for the letter. The Court concluded that, based on the facts presented, no other means existed to obtain the information, except to depose attorney VanOrman. Aside from the involvement of an attorney in authoring a letter, Plaintiffs have not shown that this case bears any similarity to the situation presented in Unit Rig.

Defendants' Motion for Protective Order, [Dkt. 66], is GRANTED, the Notice to Take the Deposition of Suzanne Moon is quashed.

SO ORDERED this 27th day of March, 2019.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE